*IT IS SO ORDERED*
*Judge James Ware*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS A. PAULSEN, et al., on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>CNF, INC., et al.,<br><br>        Defendants. | CASE NO. C 03-3960 (JW)<br><br>PLAINTIFFS' [PROPOSED] ORDER GRANTING FINAL SETTLEMENT APPROVAL, AWARDING ATTORNEYS' FEES, EXPENSES, AND CLASS REPRESENTATIVE SERVICE PAYMENTS, AND FINAL JUDGMENT<br><br>Date:        October 24, 2011<br>Time:        9:00 a.m.<br>Courtroom: 5<br>Judge:       Hon. James Ware |

THIS MATTER came before the Court on October 24, 2011 for final approval of the proposed Class Settlement (the "Settlement") and on a request by Plaintiffs for attorneys' fees, litigation expenses, and class representative service payments. The Court has considered all papers filed and proceedings in this matter and held a hearing on October 24, 2011, at which time the parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the proposed settlement. Based on the papers filed with the Court and presentations made to the Court at the hearing, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.  The definitions and provisions of the Settlement Agreement are hereby incorporated as though fully set forth herein. For purposes of this Order and Final Judgment, all capitalized terms used hereafter shall have the meaning ascribed to them in the Settlement Agreement, unless otherwise noted.

2.  The Court has jurisdiction over the subject matter of the Settlement Agreement with respect to and over all Parties to the Settlement Agreement, including all Class Members.

3.  To date, no Class Member has filed an objection to the terms of the Settlement (including the request for attorneys' fees, expenses, and class representative service payments), and no Class Member has requested exclusion from the Settlement. The Court finds that the absence of any objections or requests for exclusion indicates support for the Settlement among the Class, which was certified by this Court by Order of October 7, 2010 and defined as follows: "[a]ll participants in and beneficiaries of the CFC Plan whose pension benefits have been reduced or will be reduced due to the termination of the CFC Plan." *See* Doc. No. 255 at 16.

4.  The Court hereby approves the Settlement and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class Members, within the authority of the parties, and the result of extensive, arm's-length negotiations. Despite substantial risks facing the Plaintiffs in succeeding on the merits of their claims and proving damages caused by any alleged breach of duty owed to the Class by Defendant Towers Perrin, the Settlement provides an average settlement payment of over $29,000 per Class Member. The Settlement avoids the risks that the Plaintiffs would not succeed in (1) defeating Towers Perrin's motion to exclude Plaintiffs' expert

witness testimony or motion for summary judgment; (2) persuading a jury that Towers' Perrin owed a duty to Class Members and breached that duty; (3) persuading a jury that the alleged breach by Towers Perrin caused damages to the Class; and (4) defeating any appeal that Towers Perrin might bring to address any adverse ruling in this Court. The Settlement also provides that Class Members will be paid shortly and thus avoids the additional delay of further motion practice, trial, and possible appeals. Given that a great majority of the Class Members are 62 years old or older and have suffered reductions in their pensions that will be partially ameliorated by this Settlement, avoiding a further delay in payment is particularly beneficial here.

5. The Court hereby grants Class Counsel's request for an award of $2,530,000 in attorneys' fees and $419,258 in litigation expenses. The fee and expenses award is reasonable under both the lodestar method and the percentage-of-the-recovery method. As of July 22, 2011 Plaintiffs' counsel's lodestar was $2,796,596, which the Court finds to be reasonable given the more than eight years that Class Counsel have worked on this litigation and the additional work Class Counsel have devoted to the case since July 22. The Court finds further that Class Counsel's hourly rates are reasonable in light of their experience (as reflected in their declarations), and the rates charged are comparable to other attorneys in this field. Plaintiffs' fee request is reasonable under the lodestar method because Plaintiffs are seeking $266,000 less than their lodestar as of July 22, 2011, and they therefore do not seek not a traditional multiplier but a *fractional* multiplier (or "divider") of 0.90.

6. In addition, the fee request amounts to 27.5% of the total Settlement Amount. Although this percentage is 2.5% more than the 25% "benchmark" that courts in the Ninth Circuit often use in determining attorneys' fees in class action cases, this slight increase over the benchmark is warranted under the circumstances of this case—given the amount of work that Class Counsel have devoted to the litigation over the past eight years, the fact that the case settled just weeks before trial and after fact and expert discovery had been completed and summary judgment motions had been fully briefed, and the outstanding result that Class Counsel achieved in spite of the substantial risks facing Plaintiffs throughout this action. Moreover, none of the Class Members has filed any objection to Plaintiffs' fee and expenses request, which was

disclosed in the settlement notice sent to all Class Members. Plaintiffs' motion for attorneys' fees was also made available to Class Members for review on Class Counsel's website at the beginning of the opt-out and objection period. The Settlement Notice—which was distributed concurrently with the filing of the fee brief—informed Class Members that this motion is available for review on Class Counsel's website. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994-95 (9th Cir. 2010).

7. The Court finds further that the request for $419,258 in litigation expenses is reasonable. Plaintiffs' Counsel have submitted declarations indicating the expenses that were required to be incurred during the eight years of this litigation—including more than 20 depositions, substantial expert witness fees, and mediation fees for two days of mediation. The Court finds these expenses to be reasonable and necessary for the litigation of this case. As noted above, no Class Member filed any objection to Plaintiffs' litigation expenses request.

8. The class representative service payments to Plaintiffs Thomas A. Paulsen, Robert M. Bowden, Chester Madison, Robert Newell, and Lloyd Michael O'Connell III (collectively, "Class Plaintiffs") are hereby approved in the amount of $7,500 each, to be paid in accordance with the Settlement Agreement. No Class Member filed an objection to Plaintiffs' request for Class Plaintiff service payments. The Court finds such service awards to be fair and reasonable in light of the time and effort devoted by Plaintiffs to the prosecution of this litigation on behalf of the Class over the past eight years.

9. The Court finds that the Notice Plan set forth in the Agreement and preliminarily approved by the Court was the best practicable notice under the circumstances. The Settlement Administrator sent out the Notice in accordance with the Notice Plan. The Notice provided due and adequate notice of these proceedings and of the matters set forth therein, including the Settlement Agreement, to all parties entitled to such notice and satisfied the requirements of constitutional due process. The Court specifically finds that the Notice is constitutionally sound, and the notice plan, as executed here, was the best notice practicable under the circumstances.

10. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, upon the date this Judgment becomes final, Plaintiffs and Settlement Class Members shall release

Defendant Towers Perrin from all "Released Claims," as that term is defined in Exhibit C to the Settlement Agreement—that is, "any and all actual or potential claims, counterclaims, actions, causes of action, liabilities, damages (whether actual, nominal, punitive, exemplary, statutory, or otherwise), injunctive relief, costs, fees, attorneys' fees, or penalties of any kind alleged in the Action or that reasonably arise out of the facts alleged in the Action, whether known or unknown, suspected or unsuspected, discovered or undiscovered, and which arise in whole or in part from actuarial services Towers Perrin provided at any time relating to the Consolidated Freightways Inc. Pension Plan and/or the Consolidated Freightways Corporation Pension Plan."

11. Without affecting the finality of this Settlement Order and Final Judgment, the Court retains continuing jurisdiction over: (a) implementation of the Settlement Agreement and distribution of the settlement relief contemplated by the Settlement Agreement, until all acts agreed to be performed pursuant to the Settlement Agreement have been performed; and (b) all parties to this action and Settlement Class Members for the purpose of enforcing and administering the Settlement Agreement.

12. Neither this Order and Final Judgment nor the Settlement Agreement constitutes an admission or concession by any of the released parties of any fault, omission, liability or wrongdoing. This Order and Final Judgment is not a finding of the validity or invalidity of any claims in this action or a determination of any wrongdoing by the Defendant. The final approval of the Settlement Agreement does not constitute any opinion, position or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiffs, Towers Perrin, or the Settlement Class Members.

IT IS SO ORDERED. The Clerk shall close this file.

Dated: October 24, 2011

*James Ware*

HON. JAMES WARE
CHIEF JUDGE, U.S. DISTRICT COURT